1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON ZURLO and MATTHEW
SHEARER,

           Plaintiffs,

      v.

J & J AIR CONDITIONING, INC., and
GERALD I. HURWITZ,

           Defendants.

Case No. 16-cv-00723 NC

ORDER GRANTING
CONDITIONAL FLSA CLASS
CERTIFICATION; APPROVING
NOTICE; APPROVING PERIOD OF
TOLLING OF STATUTE OF
LIMITATIONS

Re: Dkt. No. 22

     This case involves allegations that service technicians in the Heating, Ventilation and Air Conditioning (HVAC) industry were not properly paid overtime and minimum wage. Plaintiffs move for conditional class certification for their Fair Labor Standards Act (FLSA) collective action so that they can send an opt-in Notice to approximately 32 service technicians to provide them with the choice of whether or not to participate in the lawsuit. The parties have stipulated to the content of the Notice that will be sent to potential plaintiffs who will choose to opt-in or not participate in the suit. The approved Notice is attached to this order. The parties have also stipulated to toll the statute of limitations from June 10, 2016, to July 1, 2016. Because Plaintiffs have met the lenient standard of showing that their potential plaintiffs are similarly situated, the Court GRANTS their motion for conditional FLSA class certification and GRANTS permission to send the stipulated opt-in Notice. The Court also tolls the statute of limitations from June 10 to July 1.

Case No. 16-cv-00723 NC

## I.   LEGAL STANDARD

"To maintain a collective action under the FLSA a plaintiff must demonstrate that the putative collective action members are similarly situated." *Murillo v. Pac. Gas & Elec. Co.,* 266 F.R.D. 468, 470 (E.D. Cal. 2010); *see also Vasquez v. Coast Valley Roofing, Inc.,* 670 F. Supp. 2d 1114, 1123-24 (E.D. Cal. 2009) (noting that a plaintiff has the burden of proving the similarly situated requirement).

Courts in the Ninth Circuit have adopted a two-step approach for determining whether a class is "similarly situated." *Murillo,* 266 F.R.D. at 470-71.  First, the court "determines, based on the submitted pleadings and affidavits, whether the proposed class should be notified of the action." *Id.*  "Courts have emphasized that a fairly lenient standard is used at the first step because a court does not have much evidence at that point in the proceedings—just the pleadings and any declarations submitted." *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 837-38 (N.D. Cal. 2010).  District courts have held that conditional certification requires only that "plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision." *Murillo*, 266 F.R.D. at 471.

## II.   ANALYSIS

### A.   Conditional Certification

The issue now before the Court is whether Plaintiffs' case should be conditionally certified at the first stage.  Under the lenient standard used at the first stage, a plaintiff show that "there is some factual basis beyond the mere averments in their complaint for the class allegations." *Murillo,* 266 F.R.D. at 478-80 (internal quotation marks omitted); *see also Felix v. Davis Moreno Constr., Inc.*, 2008 WL 4104261 (E.D. Cal. Sept. 3, 2008) ("[t]he evidence must show there is some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice").

Here, Plaintiffs' stated class includes all service technicians who worked for the

1    named Defendants after June 10, 2013. Dkt. No. 22 at 6. Plaintiffs state that the class list

2    they have most recently received from Defendants shows "that from February 11, 2012,

3    Defendants employed 32 technicians." Dkt. No. 29 at 2. Plaintiff Zurlo "estimates that

4    there have been twenty-two (22) to twenty-six (26) Service Technicians in the last three

5    years of his employment. This estimate is based on the attendance at the meetings of 19 to

6    22 active technicians plus modest turnover." Dkt. No. 22 at 4-5. Plaintiffs assert that the

7    class is "insular and comprised of similarly situated service technicians" because it

8    "includes all Service Technicians who drove service vans which all needed restocking and

9    servicing. It also includes the Service Technicians who attended unpaid work related

10   meetings. Finally, it includes those Service Technicians who worked on client accounts in

11   which the work hours appear to have been dictated by the billable hours." *Id*. at 6.

12        Plaintiffs have attached three declarations to the motion for conditional

13   certification. The first is a declaration from plaintiff Aaron Zurlo in which he describes

14   work tasks as an HVAC service technician that he alleges he was not compensated for.

15   Dkt. No. 23 at 3. He states that "it was impossible for a Service Technician not to perform

16   this work and still perform their job functions. By that I mean, all Technicians necessarily

17   performed the work I am giving examples of." *Id*. This allegedly uncompensated work

18   included going to weekly and bi-weekly meetings, servicing, restocking, and cleaning

19   assigned vans, performing peer reviews of each other's vans, annual forklift training and

20   certification, and completing paperwork. *Id*. at 6. He states that neither he nor any of his

21   fellow service technicians were paid for this work, and that all service technicians had to

22   complete the tasks.

23        Plaintiff Matthew Shearer is also a service technician on HVAC systems, and

24   submitted a similar declaration in support of conditional certification. Dkt. No. 24. He

25   declares that he was not paid to attend regular weekly and bi-weekly meetings, to service,

26   restock, or clean his van, conduct peer reviews, or attend annual forklift training. *Id*. at 2-

27   3. He also alleges he was not reimbursed for his tools or paid for overtime for hours

28   Case No. 16-cv-00723 NC          3

*United States District Court*
*Northern District of California*

1    worked in excess of 40 hours per week.  *Id*. at 3  He notes that his declaration does not

2    contain a list of all tasks he did without being compensated, and are just some examples.

3    *Id*.  Both Zurlo and Shearer declare that the other service technicians they worked with

4    were similarly only paid for hours that could be billed to clients, and therefore not paid for

5    tasks that all service technicians had to perform to do their jobs.

6         The same is true for the third declaration by plain Hector Rosas.  Dkt. No. 25.

7    Rosas states that he was not compensated for tasks such as "ongoing training and

8    certification, teaching a group of his coworkers a class an HVAC repair and maintenance,

9    and maintaining his work vehicle, among other things."  *Id*. at 2.

10        Together, the three declarations give examples of common tasks that Plaintiffs

11   allege all service technicians were required to do but were not compensated for.  With very

12   little variation, the declarations list the same tasks and work, and assert that all technicians

13   were required to perform the listed tasks.  *Camp v. Progressive Corp.*, 2002 WL

14   31496661, at *12 (E.D. La. Nov. 8, 2002) (holding that "the existence of some variations

15   between potential claimants is *not* determinative of lack of similarity at the notice-stage.")

16   (emphasis in original).

17        Defendants do not present arguments that the Plaintiffs have failed to meet the low

18   threshold required for the notice-stage standard.  Dkt. No. 27 at 2.  They state that they will

19   move to decertify the class after discovery.  *Id*.

20        The Court finds that Plaintiffs have made an adequate showing here that the

21   proposed FLSA class is similarly situated for the lenient first step standard.  *See Benedict*

22   *v. Hewlett-Packard Co.*, No. 13-cv-00119 LHK, 2014 WL 587135, at *12-13 (N.D. Cal.

23   Feb. 13, 2014) (finding that the plaintiffs had "met the lenient notice-stage standard for

24   conditional certification.  If, after the close of discovery, it becomes apparent that

25   Plaintiffs' overtime claims should be pursued on an individual basis, HP may move to

26   decertify the class.") (class decertified at the second stage in *Benedict v. Hewlett-Packard*

27   *Co.*, No. 13-cv-00119 BLF, 2016 WL 3742342, at *1 (N.D. Cal. July 13, 2016)).

28   Case No. 16-cv-00723 NC                    4

United States District Court
Northern District of California

Therefore, the Court conditionally certifies the class and will permit the Notice to be sent to individuals on the class list.

> **B.**      **Time For Recipients to Opt-In After Notice Is Sent**

The proposed Notice provides a 45-day period for recipients to make the choice to opt-in or do nothing and be excluded from the FLSA claims. Plaintiffs state that 45 days is sufficient because the workers are sophisticated and easily located. Dkt. No. 22 at 6. Defendants do not object to the 45-day period. The Court agrees, and approves the 45-day window for recipients of the Notice to opt-in or be excluded from the FLSA claims. The parties must fill in the date on the last page of the Notice before sending it to class members.

## III. CONCLUSION

Because Plaintiffs have met the lenient standard of showing that their potential plaintiffs are similarly situated, the Court GRANTS their motion for conditional class certification and GRANTS permission to send the attached stipulated opt-in Notice agreed to by the parties. The Court has corrected typographical errors in the proposed Notice. The Court also tolls the statute of limitations from June 10 to July 1, 2016. Plaintiffs' counsel must send the Notice by August 15, 2016.

> **IT IS SO ORDERED.**

Dated:  August 1, 2016              _____

NATHANAEL M. COUSINS
United States Magistrate Judge

*United States District Court*
*Northern District of California*

**THIS NOTICE IS AUTHORIZED BY THE COURT.**
**IT IS NOT A SOLICITATION FROM A LAWYER.**

If you worked as a Service Technician at J&J Air Conditioning, Inc. you are able to join in a lawsuit that seeks to recover unpaid wages, interest and penalties.

AARON ZURLO and MATTHEW SHEARER have filed a lawsuit against J&J Air Conditioning, Inc.  and Gerald I. Hurwitz for the failure to properly pay wages for all hours worked including overtime wages to Service Technicians.   The case is *Zurlo, et al v. J&J Air Conditioning, Inc., et al*, 16-cv-00723-NC, filed in the U.S. District Court of the Northern District of California, and is brought pursuant to the Fair Labor Standards Act ("FLSA") on behalf of Service Technicians during the period of June 10, 2013 to the present.

No one has prevailed in the lawsuit.  The Judge has not made any rulings on the merits or defenses in this lawsuit.  You are receiving this notice as you have legal rights in connection with this case which are affected by this Notice and proceedings in this lawsuit.  This Notice is not a guarantee that you are owed any moneys or that you will recover any moneys.

## PLEASE READ THIS NOTICE CAREFULLY.

You are being sent this Notice because you have one of two options:

| | |
|---|---|
| JOIN THE LAWSUIT BY 45 DAYS FROM DATE OF POSTMARK | If you join the lawsuit you will be able to pursue any wage claims you may have under the Fair Labor Standard Act though you must understand there is no guarantee that you will recover in the lawsuit. |
| DO NOT JOIN THE LAWSUIT BY DOING NOTHING | If you do nothing, you will not join in the Fair Labor Standard Act wage claims in *this* lawsuit. However, you will still retain your right to bring your own separate lawsuit though the passage of time may affect and even eliminate your ability to do so. |

**1.      What is this Lawsuit About?**

On February 11, 2016, AARON ZURLO and MATTHEW SHEARER (the "Plaintiffs") filed a lawsuit against J & J AIR CONDITIONING, INC. and GERALD I. HURWITZ.  In this notice these two defendants are referred to as "J & J AIR" though noting in this Notice or the Court proceedings to date show or imply that GERALD I. HURWITZ is individually liable.

Plaintiffs brought this lawsuit under the Fair Labor Standards Act ("FLSA") to recover unpaid wages, unpaid overtime wages, liquidated damages equal to double the amount of overtime wages owed, and other related remedies.

The lawsuit alleges that Service Technicians were not paid for all compensable hours worked.  The lawsuit alleges that Service Techs were only paid for billable work and were not paid for: (1) work meetings including safety meetings; (2) servicing and restocking the work van; (3) completing paperwork before and after work was performed at the customer location including on evenings and weekends; and (4) drive time after a work day has begun that was not billed to a client.

The lawsuit is brought on behalf of all other similarly situated Service Technicians. This means that Plaintiffs are attempting to recover wages on behalf of all other workers who worked as Service Technicians at J & J AIR between February 11, 2012 and the present.

The Court has conditionally certified an opt-in class of Service Technicians employed from June 10, 2013 to the present.  If you worked as a Service Technician during that time you have a right to join the lawsuit to attempt to recover wages.

Defendants assert that they properly accounted for all hours worked and overtime and properly paid to Service Technicians and as a result no further wages are owed. **The Court has not decided who is correct.** Presently the case is in the discovery phase and a trial has been set for June 26, 2017.

## 2. Why did You Receive This Notice?

You received this notice because the records of J & J AIR show that you worked as a Service Technician between June 10, 2013  and the present.

If you worked at J & J AIR you may have a right to assert a claim for unpaid wages including overtime wages.

**J & J AIR and any employees are prohibited by law from retaliating against you in any way for joining this case.  Attorneys for Plaintiffs and Plaintiffs are also prohibited from harassing you if you do not want to join this lawsuit.  No one may make any guarantees about the success of the lawsuit or if the case has or does not have merit.**

## 3. What actions can I take?

**JOIN:** You may join this lawsuit by signing and returning the "Consent" form that is attached to this notice. By completing the form you are giving consent to sue J & J AIR to attempt to recover wages. If you do not sign and return this form, you will

2

not be able to pursue FLSA overtime claims in this lawsuit. Joining is completely voluntary.

If you join this lawsuit, you will join as an opt-in Plaintiff and you will be bound by any judgment entered, whether favorable or not. You may also be required to participate in discovery directly related to your overtime claim. You also have to be prepared to go to trial and to all proceedings in which you are required to attend such as mediations, Mandatory Settlement Conferences and the trial.

You will be represented by the attorneys presently representing Plaintiffs and you do not have to hire your own attorneys. However, you have the right to hire your own lawyer if you chose.

**If you wish to join the lawsuit you must return the enclosed consent by 45 days from date of postmark.**

**DO NOTHING:** You can choose *not* to join this lawsuit, even if you believe you were not paid all wages you may have earned. If you decide to do nothing or not join the lawsuit, you will not be able to pursue FLSA overtime claims in this lawsuit and will not share in any money that may be recovered under the FLSA claim, if any. You will not be bound by any determination or judgment in this action. You will be able to hire your own lawyer and pursue your separate FLSA lawsuit if you wish.

If you have any questions about this lawsuit or how your rights are affected, contact Plaintiffs' lawyers:

Tomas E. Margain
JUSTICE AT WORK LAW GROUP
Email: tomas@jawlawgroup.com
84 West Santa Clara Street, Suite 790
San Jose, California 95113
Tel: 408.317.1100

Continued on following page.

3

## 4. How do I Join?

You must complete the attached "Consent" form, sign it and return it to the class administrator in this case by mail, fax or email no later than 45 DAYS FROM DATE OF POSTMARK:

J & J AIR Class Action, CPT Group
16630 Aston,
Irvine, California 92606
Tel:  (888) 373-2581  Fax  (949) 428-1065 Email: kelsey@cptgroup.com

**THE PERIOD TO RECOVER OVERTIME UNDER FLSA IS THREE YEARS MAXIMUM, SO IF YOU WAIT YOU TOO LONG YOU MAY LOSE WAGES OR MISS THE CHANCE TO JOIN THIS LAWSUIT.**

## CONSENT FORM

**IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ZURLO et al.                           Case No. 16-cv-00723-NC
Plaintiffs,
                    v.
J & J AIR CONDITIONING, INC et al.
Defendants.

**Consent to Sue Under Federal Fair Labor Standards Act**

I am a current or former Service Technician employed at J & J AIR Collision, Inc. I
wish to include myself in the action against Defendants J&J Air Conditioning, Inc.
and Gerald I. Hurwitz for unpaid overtime wages and related remedies under the
federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 , *et seq.* I understand I
will be bound by any determinations or judgments in the litigation, whether
favorable or unfavorable to the Class, if the Court certifies the FLSA Class.

_____

Signature

_____

Full Legal Name (Print)

_____

Date

Return to:

J & J AIR Class Action
16630 Aston, Irvine, California 92606
Tel:  (888) 373-2581  Fax  (949) 428-1065
Email: kelsey@cptgroup.com

**THIS FORM MUST BE SUBMITTED BY [DATE]
TO BE CONSIDERED TIMELY**

1